UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.11-CV-10644-DPW

CHRISTOPHER M. FLETCHER,
187 Pearl Street
Cambridge, MA 02139

EOIN M. PRYAL
200 Hudson Street
Apartment 21
Northborough, MA 01532

SECOND AMENDMENT
FOUNDATION, INC.
12500 NE 10th Place
Bellevue, WA 98005

COMMONWEALTH SECOND
AMENDMENT, INC.
22 River Street
Braintree, MA 02184
        Plaintiffs
v.

ROBERT C. HAAS,
In his official capacity as
Cambridge Commissioner of Police
125 Sixth Street
Cambridge MA 02142

MARK K. LEAHY
In his official capacity as
Northboro Chief of Police
211 Main Street
Northborough, MA 01532

JASON A. GUIDA, ESQ.
In his official capacity as
Director of the Firearms Record Bureau
200 Arlington Street
Suite 2200
Chelsea, MA 02150
        Defendants

ANSWER OF DEFENDANT
<u>MARK K. LEAHY</u>

2

Defendant Mark K. Leahy, in his official capacity as Northborough Police Chief ("Chief Leahy") hereby responds as follows:

## NATURE OF ACTION

1. This paragraph characterizes the nature of the Complaint and requires no answer.

## PARTIES AND JURISDICTION

2. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 2.

3. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 3.

4. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 4.

5. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 5.

6. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 6.

7. Admitted.

8. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 8.

9. The allegations in paragraph 9 constitute a conclusion of law to which no answer is required.

10. The allegations in paragraph 10 constitute a conclusion of law to which no answer is required.

## STATUTORY BACKGROUND

11. The allegations in paragraph 11 constitute a conclusion of law to which no answer is required.  G.L. c.140, §§129C and 131E, in their entirety, speak for themselves.

12. The allegations in paragraph 12 constitute a conclusion of law to which no answer is required.  G.L. c.140, §§121, 129B and 131, in their entirety, speak for themselves.

13. The allegations in paragraph 13 constitute a conclusion of law to which no answer is required.  G.L. c.140, §129B, in its entirety, speaks for itself.

14. The allegations in paragraph 14 constitute a conclusion of law to which no answer is required.  G.L. c.140, §129B, in its entirety, speaks for itself.

15. The allegations in paragraph 15 constitute a conclusion of law to which no answer is required.  G.L. c.140, §131, in its entirety, speaks for itself.[1]

16. The allegations in paragraph 16 constitute a conclusion of law to which no answer is required.  G.L. c.140, §§130 and 131E, in their entirety, speak for themselves.

17. The allegations in paragraph 17 constitute a conclusion of law to which no answer is required.

18. G.L. c.140, §129B, in its entirety, speaks for itself.

19. The allegations in paragraph 19 constitute a conclusion of law to which no answer is required.  G.L. c.140, §131, in its entirety, speaks for itself.

20. The allegations in paragraph 20 constitute a conclusion of law to which no answer is required.  G.L. c.140, §131H, in its entirety, speaks for itself.

21. The allegations in paragraph 21 constitute a conclusion of law to which no answer is required.  To the extent factual allegations are contained therein, Chief Leahy is

---

[1] Chief Leahy is without sufficient information to admit or deny the allegations of the footnote to paragraph 15.  G.L. c.140, §130, in its entirety, speaks for itself.

without sufficient information to admit or deny them.  Chief Leahy admits that Exhibit 1 to the Complaint is a copy of a letter dated December 22, 2010 addressed to "Applicant," and says that the letter speaks for itself.

22. The allegations in paragraph 22 constitute a conclusion of law to which no answer is required.  G.L. c.140, §131H, in its entirety, speaks for itself.

23. The allegations in paragraph 23 constitute a conclusion of law to which no answer is required.  G.L. c.140, §131E speaks for itself.

24. The allegations in paragraph 24 constitute a conclusion of law to which no answer is required.  G.L. c.140, §129C, in its entirety, speaks for itself.

25. The allegations in paragraph 25 constitute a conclusion of law to which no answer is required.

26. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 26.

27. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 27.

28. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 28.

29. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 29.

30. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 30.

31. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 31.

32. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 32.

33. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 33.

34. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 34.

35. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 35.

36. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 36.

37. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 37.

38. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 38.

39. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 39.

40. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 40.

41. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 41.

42. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 42.

43. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 43.

44. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 44.

45. Denied.

46. Chief Leahy is without sufficient information to admit or deny the allegations in paragraph 46.

47. Denied that Mr. Pryal applied to the Northborough Police Department for a License to Carry. Chief Leahy is without sufficient information to admit or deny the remaining allegations in paragraph 47.

48. Denied.

49. Denied.

50. Denied with regard to Chief Leahy and the Northborough Police Department.

Count I
Violation of Equal Protection of the Law

51. Chief Leahy's answers to Paragraphs 1 through 50 are repeated and incorporated herein by reference.

52. Denied.

Count II
Violation of Second Amendment

53. Chief Leahy's answers to Paragraphs 1 through 52 are repeated and incorporated herein by reference.

54. Denied.

<u>On All Counts</u>

55.  Chief Leahy's answers to Paragraphs 1 through 54 are repeated and incorporated herein by reference.

56.  Denied with regard to Chief Leahy, as the plaintiffs did not file an application for a License to Carry with the Northborough Police Department on January 5, 2011 or at any time.

57.  Denied.

58.  Denied.

59.  The allegations in Paragraph 59 characterize the relief requested by the Plaintiffs and do not require an answer.

60.  The allegations in paragraph 60 constitute a conclusion of law to which no answer is required.

61.  Denied.

62.  Denied.

<u>FIRST DEFENSE</u>

The Plaintiffs fail to state a claim upon which relief may be granted against Chief Leahy.

<u>SECOND DEFENSE</u>

Plaintiff Pryal has failed to exhaust his administrative remedies prior to filing the above-captioned complaint.

<u>THIRD DEFENSE</u>

Plaintiff Christopher M. Fletcher lacks standing against the Northborough Police Department.

### FOURTH DEFENSE

Plaintiff Eoin M. Pryal lacks standing against the Northborough Police Department.

### FIFTH DEFENSE

Plaintiff Commonwealth Second Amendment, Inc. lacks standing against the Northborough Police Department.

### SIXTH DEFENSE

Plaintiff Second Amendment Foundation, Inc. lacks standing against the Northborough Police Department.

### SEVENTH DEFENSE

Chief Leahy acted at all times within his discretion and in accordance with the law.

MARK K. LEAHY,
CHIEF OF POLICE

By his attorneys,

/s/ David J. Doneski
David J. Doneski (BBO# 546991)
Katharine I. Doyle (BBO# 634131)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007
ddoneski@k-plaw.com
kdoyle@k-plaw.com

424992/60700/0001

### CERTIFICATE OF SERVICE

I, David J. Doneski, certify that the foregoing document, which was electronically filed with the U.S. District Court for the District of Massachusetts, will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, according to notification by the Court of those individuals who will be served electronically. /s/ David J. Doneski.