UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER M. FLETCHER,<br>EOIN M. PRYAL, SECOND<br>AMENDMENT FOUNDATION, INC.<br>COMMONWEALTH SECOND<br>AMENDMENT, INC.,<br><br>        Plaintiffs<br>  v.<br><br>ROBERT C. HAAS, in his capacity<br>as Cambridge Commissioner of Police,<br>MARK K. LEAHY, in his capacity<br>as Northborough Chief of Police, and<br>JASON A. GUIDA, ESQ., in his capacity<br>as Director of the Firearms<br>Records Bureau,<br>        Defendants. | Civil Action No. 11-CV-10644-DPW |

MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS
AND FOR LEAVE TO FILE SUPPLEMENT EVIDENCE IN SUPPORT OF MOTION

Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 54(d), Plaintiffs, Christopher M. Fletcher and Eoin M. Pryal, through their attorney, hereby move for their attorney's fees, expenses and costs in this action.

Background

On April 15, 2011, Plaintiffs filed a two count Complaint. Count I alleged a claim for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Count II alleged a claim for violation of the Plaintiffs' individual right secured by the Second Amendment to the United States Constitution.

On March 30, 2012, this Court entered Judgment for the Plaintiffs in the above captioned case after issuing a 41 page Decision and Order on the merits of Plaintiffs' Complaint (the

MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS – Page 1

"Decision"). In the Decision, the Court granted the relief that Plaintiffs were seeking, including the relief that Plaintiffs requested in their Second Amendment claim under 42 U.S.C. § 1983.

I. PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES, EXPENSES, AND COSTS.

Plaintiffs are entitled to an award of attorney's fees under Section 1988 because they prevailed on their Second Amendment claim. Section 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in any action to enforce a provision of Section 1983. "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citations and internal quotation marks omitted). "There is a background presumption favoring cost recovery for prevailing parties." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008) (citations marks omitted); *see also Lewis v. Kendrick*, 944 F.2d 949, 954 (1st Cir. 1991).

The Plaintiffs are prevailing parties, granted significant relief based on the Plaintiff's substantive claim of Defendants' violation of the Plaintiffs' civil rights secured by the Second Amendment to the United States Constitution. The Plaintiff's Second Amendment claim was substantial, with foundation, and neither fictitious nor frivolous. The Decision enjoining the Defendants from denying firearm permits or licenses to the Plaintiffs solely on the basis of their permanent resident alien status now permits the Plaintiffs to participate in a constitutionally protected activity. Judicial intervention and sanctioning of this constitutionally protected activity was the only means of relief available to the Plaintiffs. The legal relationship between the parties was materially altered when the Court invalidated portions of Massachusetts General Laws chapter 140, sections 121-131P. Therefore, the Plaintiffs meet all of the requirements for

attorney's fees, costs, and expenses. No special circumstances exist that would make such an award unjust.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citation omitted); *see also Lipsett v.Blanco*, 975 F.2d 934 (1st Cir. 1992). Plaintiffs currently estimate that their claim for attorney's fees, expenses and costs will be in excess of $25,000. That amount is likely to increase if the fee petition is extensively litigated and/or Defendants appeal the Judgment.

II. PLAINTIFFS REQUEST A SCHEDULING ORDER TO GUIDE SUBMISSION OF EVIDENTIARY MATERIAL TO SUPPORT THEIR REQUEST FOR FEES, EXPENSES AND COSTS.

The Advisory Committee Notes to Rule 54 acknowledge that the evidentiary support for a motion for attorney's fees does not need to be submitted at the same time as the original motion. Fed. R. Civ. P. 54 advisory committee's note ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on fees."). In addition, it is unknown at this point whether Defendants intend to appeal the Judgment, which may render substantial effort on the fee petition premature. Accordingly, Plaintiffs request that the Court enter a scheduling order that allows Defendants sufficient time to consider their options and Plaintiffs sufficient time to prepare the relevant evidentiary material to support their fee petition.

Additionally, a Scheduling Order is appropriate in this matter, as the Defendants have expressed willingness, at the time Counsel prepared this Motion, to discuss settlement of the Plaintiff's costs, expenses, and attorney's fees. Mindful of the Supreme Court's instruction that a "request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*,

MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS – Page 3

461 U.S. 424, 437 (1983), permitting the time for the parties to individually consider and jointly negotiate settlement could save all parties involved and the Court significant resources, resolving this matter in the same efficient fashion its merits were litigated. A period of at least 60 days should permit the parties to prepare, exchange, and discuss documents regard Plaintiff's costs, expenses, and attorney's fees.

## Conclusion

This Court should award Plaintiffs their attorney's fees as prevailing Plaintiffs under Section 1988 and set a briefing schedule to allow full evidentiary submissions to be presented to the Court.

## REQUEST FOR ORAL ARGUMENT

The Plaintiffs respectfully request oral argument pursuant to Local Rule 7.2(d).

Respectfully submitted,

Christopher M. Fletcher and Eoin M. Pryal
By their attorney,

Dated: April 12, 2012

/s/ Joseph M. Hickson III
Joseph M. Hickson III
Hickson Law Group, P.C.
51 Taylor Street, 3rd Floor
Springfield, MA 01103
Phone: 413.732.7708
Fax: 413.375.9888
BBO # 665687
Email: jhickson@HicksonLawGroup.com

## LOCAL RULE 7.1 CERTIFICATION

      The undersigned hereby certifies that the Plaintiffs' counsel has conferred with each defendant's counsel and has attempted in good faith to resolve or narrow the issues involved in this Motion.

Dated: April 12, 2012　　　　　　　　　　　/s/ Joseph M. Hickson III
　　　　　　　　　　　　　　　　　　　　　Joseph M. Hickson III

## CERTIFICATE OF SERVICE

      I, Joseph M. Hickson III, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on April 12, 2012.

Dated: April 12, 2012　　　　　　　　　　　/s/ Joseph M. Hickson III
　　　　　　　　　　　　　　　　　　　　　Joseph M. Hickson III