UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.11-CV-10644-DPW

CHRISTOPHER M. FLETCHER, ET AL.

    Plaintiffs

v.

ROBERT C. HAAS, ET AL.

    Defendants

DEFENDANT MARK LEAHY'S OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS FEES

I.     INTRODUCTION

The plaintiffs have moved for an award of attorneys fees against all defendants in this matter. Defendant Mark Leahy, as he is the Town of Northborough Police Chief ("Chief Leahy"), hereby opposes the plaintiffs' motion. As the plaintiff has not supported his motion with documentation supporting his request for attorneys' fees, but instead requested a scheduling order be established to produce such documentation,[1] Chief Leahy reserves the right to supplement his opposition in response to any documentation produced in furtherance of the plaintiff's motion for attorneys' fees.

II.     ARGUMENT

In the present matter, Chief Leahy and the Northborough Police Department were simply following the requirements of state law when the officer on duty referred plaintiff Eoian Pryal to the Firearms Bureau. See G.L. c. 140 §§129(B)(I)(vii), 131(d)(v), 131(H). Penalizing a municipality for following the law, particularly during a time in which municipalities are

---

[1] At this juncture, the Court granted the Motion to Supplement his submission for further documentation but no scheduling order has been issued. Chief Leahy is therefore filing the within opposition to preserve his rights.

struggling with scant resources, is against the public interest.  Furthermore, where multiple defendants are at issue, the District Court should determine whether attorneys fees should be assessed jointly and severally, or whether apportionment is in order.  <u>Grendel's Den, Inc. v. Larkin</u>, 749 F.2d 945, 960 (1st Cir. 1984).  The present case clearly requires apportionment.  Where apportionment is indicated, the choice among available options generally lies within the district court's sound discretion. <u>Id.</u>  Furthermore, fees should not be awarded for work performed on an unsuccessful claim, when the claim is severable from the successful claim.  <u>See</u> <u>Bogan</u> v. <u>City of Boston</u>, 489 F.3d 417, 428-29, (1st Cir. 2007); <u>Coutin</u> v. <u>Young & Rubicam Puerto Rico, Inc.</u>, 124 F.3d 331, 339 (1st Cir. 1997).

       Chief Leahy reserves the right to supplement his opposition upon the receipt of further documentation from the plaintiffs.

III.     CONCLUSION

WHEREFORE, Chief Leahy respectfully requests that the plaintiffs' motion for attorneys fees be denied as against him and further reserves the right to supplement the within opposition upon the provision of further documentation from the plaintiffs.

MARK K. LEAHY,

CHIEF OF POLICE

By his attorneys,

/s/ Katharine I. Doyle
David J. Doneski (BBO# 546991)
Katharine I. Doyle (BBO# 634131)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007
ddoneski@k-plaw.com
kdoyle@k-plaw.com

448552/NBOR/0080

## CERTIFICATE OF SERVICE

I, Katharine I. Doyle, certify that the foregoing document, which was electronically filed with the U.S. District Court for the District of Massachusetts, will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, according to notification by the Court of those individuals who will be served electronically.

/s/ Katharine I. Doyle.
